ALEXANDER *v.* MUD LAKE LUMBER CO.

1. NEW TRIAL—GROUNDS—COMPROMISE VERDICT—SUPPORT FROM
EVIDENCE.
    A verdict which is supported by the testimony of one witness
    is not necessarily a compromise verdict, though for less than
    the plaintiff claims, and the court instructed that if the jury
    disbelieved the plaintiff's testimony they should find for the
    defendant.

2. EVIDENCE—EXPERTS—COMPETENCY.
    A witness who had worked around sawmills all his life, had
    worked ten years as a filer, and had filed saws in a mill in
    which plaintiff was employed as a sawyer two years, was
    competent to express his opinion as to plaintiff's competency
    as a sawyer.

Error to Chippewa; Steere, J. Submitted April 16,
1908. (Docket No. 111.) Decided May 26, 1908.

Assumpsit by Ellery Alexander against the Mud Lake
Lumber Company for breach of a contract of employ-
ment. There was judgment for plaintiff, and defendant
brings error. Affirmed.

*Sharpe & Handy,* for appellant.
*Doig & Doig,* for appellee.

Plaintiff was employed as a sawyer by the defendant at
its sawmill at $5 per day. He worked from May 26th to
September 26th, when he was discharged. He testified
to a contract of employment from May 26th to January
1st following.

Defendant's agent testified that he employed him at $5
per day without any specification as to the time. A wit-
ness for the plaintiff testified that he heard the oral agree-
ment for employment, and that it was at $5 per day for
the season. The mill shut down for the season December

1st.   The balance due at $5 per day to January 1st was $389.   After his discharge plaintiff earned $16 at other employment.   The jury rendered a verdict for $264, which covered the time to December 1st, deducting the $16. The jury evidently believed the witness who testified to employment for the season.

Defendant discharged plaintiff for alleged incompetency.

GRANT, C. J. (*after stating the facts*).   Two errors are assigned.

1. The court erred in refusing to set aside the verdict and grant a new trial upon the ground that the verdict was evidently a compromise.   Under the court's instruction the jury would have been authorized to find for the defendant if they disbelieved the plaintiff's testimony, that he was employed to January 1st.   The court did not instruct the jury that they might find a verdict based upon employment to the close of the season, December 1st.   In deciding the motion the court said that there was some warrant for making the motion based upon his charge, but an examination of the testimony led him to the conclusion that he went further in the charge than was warranted by the evidence, and that the jury believed the testimony of the witness who testified to a hiring for the season.   The court therefore found that it was not necessarily a compromise verdict.   In this conclusion we agree with the trial judge.

2. One Southmead, a witness for the plaintiff, testified that he had had experience in sawmills for ten years as a filer, and that he had worked in mills nearly all his life; that he had filed saws in a mill in which plaintiff was employed for two seasons.   He described the causes which result in "pulling off a saw."   He was then asked the following question:

"*Q.* Now, from your knowledge of sawmill work, and from what you saw of Mr. Alexander's work at that time,

you may state whether or not you consider him a competent sawyer.

"*A.* I think that Mr. Alexander was an average sawyer, although at the mill that I was in Mr. Alexander was on the night shift all the time and was sawing a different class of logs; at that mill all the logs were sorted, and the day crew had the best show of it; he was working on the night crew."

This testimony was admitted under objection and exception. The objection is that the witness was not shown to have sufficient knowledge upon which to base an opinion as to the competency of the plaintiff. We think the testimony was competent, even under the decision cited by the defendant (*Lewis* v. *Emery*, 108 Mich. 641). It was not necessary that the witness should have been a sawyer in order to become a competent witness. He had had a long experience in sawmills, had observed the plaintiff's work, was able to compare it with others, and testified to other things which rendered him competent to give an opinion.

Judgment affirmed.

BLAIR, MONTGOMERY, CARPENTER, and MCALVAY, JJ., concurred.